CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Valentine
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VICKY C. LINKOUS, | ) |
| | ) Case No. 7:11-cv-278 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **AND ORDER** |
| | ) |
| AMERICAN ALTERNATIVE | ) |
| INSURANCE CORPORATION, | ) By: James C. Turk |
| | ) Senior United States District Judge |
| | ) |
| Defendant. | ) |

Before the Court is State Farm Mutual Automobile Insurance Company (State Farm's Motion to Intervene[1] (ECF No. 8). Plaintiff filed a Memorandum in Opposition of State Farm's Motion to Intervene, to which State Farm filed a response. A hearing was held on September 28, 2011, whereupon defendant American Alternative Insurance Corporation expressed no opinion on the motion. The matter is now ripe for disposition.

Upon review of the arguments of the parties, State Farm's Motion to Intervene is **GRANTED**.

### I. Background and Procedural History

The parties do not appear to dispute the facts of the tragedy underlying this case. On June 29, 2010, Carl Linkous ("Linkous") was driving a 2002 Kubota tractor southbound on North Fourth Street in Wytheville. The tractor was owned by the Town of Wytheville. At some

---

[1] State Farm's motion is styled as a "Motion to Intervene under Rule 24(a)." Rule 24(a) governs only intervention as of right. Typically, motions to intervene argue both intervention as of right and permissive intervention. Thus, the Court will *sua sponte* raise the issue of permissive intervention and analyze both intervention as of right and permissive intervention in this opinion.

1

point James Yonce ("Yonce") was also driving southbound directly behind Linkous. In an apparent attempt to pass Linkous, Yonce pulled into the northbound lane. However, before Yonce could return to the southbound lane, another car travelling northbound approached him. To avoid a collision with the car travelling northbound, Yonce swerved into Linkous' Kubota, turning it over, ejecting Linkous, and killing him.

At the time of the incident, Yonce had a $100,000 automobile liability insurance policy with State Farm. At the time of the accident, the defendant in this action, American Alternative Insurance Corporation ("American Alternative") had issued an automobile policy to the Town of Wytheville which included $1 million in Underinsured Motorist ("UM") coverage. Plaintiff Vicky Linkous, as administratrix of her husband's estate, brought this declaratory judgment action against American Alternative, asking the Court to declare that American Alternative's UM coverage applies to the incident discussed above. American Alternative filed an answer to the complaint claiming that the insurance policy does not apply to the accident because Linkous was not driving an automobile as defined by or covered in the policy. State Farm then moved to intervene in the case.[2]

## II. Discussion

The Federal Rules of Civil Procedure provide for two types of intervention: intervention as of right and permissive intervention. The Court must permit timely intervention as of right where: (1) the movant can show an interest sufficient to merit intervention; (2) without intervention, the movant's interest would, as a practical matter, be impaired or impeded; and (3)

---

[2] Originally, both State Farm and Yonce moved to intervene in the case. *See* Intervenors/Defs. Mot. to Intervene, Aug. 12, 2011 (ECF No. 8). However, upon discovering that Yonce's intervention would result in the destruction of complete diversity and deprive this Court of jurisdiction, Yonce withdrew his motion. *See* Rebuttal Br. of Intervenors/Defs. 1—2 (ECF No. 13). Thus, the Court considers only State Farm's motion here.

2

the existing parties are not adequate representatives of that interest. Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976).

A. Intervention as of Right

**1. Sufficiency of State Farm's Interest**

Yonce is the defendant in the underlying tort claim that has caused Plaintiff to seek underinsured motorist coverage. State Farm has a contractual and statutory duty to defend Yonce from the tort claim and, where appropriate and possible, to attempt to settle the claim within policy limits. Prior to the Plaintiff's instant action, State Farm contends it had offered to tender $100,000 to the plaintiff under the Yonce policy in full and final settlement of the Plaintiff's tort claim against Yonce.[3]

Part of State Farm's duty to Yonce in this matter is to defend against a potential subrogation claim. Virginia law requires that payment by an UM be subrogated to the rights of the insured to the extent of its payment. Va. Code Ann. § 38.2-2206(G) (2011). State Farm argues that its duty to defend Mr. Yonce includes trying to resolve the matter within the limits of the available liability insurance. If the Plaintiff prevails, Yonce is subject to a subrogation claim by American Alternative, and by virtue of its duty to defend, State Farm claims an interest in the litigation. It is fairly clear that State Farm has *some* interest in the present litigation; the Court now turns to whether that interest is sufficient to merit intervention.

The Supreme Court has surmised that a significant interest in the intervention context must be one that is "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971). The Fourth Circuit has held that an interest contingent on the outcome of other pending litigation qualifies as "significantly protectable." Teague v. Bakker, 931 F.2d 259, 261 (4th

---

[3] Virginia law requires a Circuit Court to approve any settlement in a wrongful death claim of this nature. Va. Code Ann. § 8.01-55 (2011). In this case, the required hearing was scheduled and later cancelled, so it appears the claim was never settled.

3

Cir.1991). In Teague, the Court of Appeals considered a declaratory judgment action where an insurance company was seeking a declaration that it did not owe any obligation to its insured in relation to particular tort claims. The tort plaintiffs sought to intervene, even though their suit was still pending and had not yet been reduced to judgment. Id. at 260. The Court recognized that intervention should be allowed "even when the intervenor's interest is contingent on the outcome of other litigation." Id. at 261 (citations omitted). Other courts in this Circuit have determined that a potential intervenor's interest should "bear a close relationship to the dispute between the existing litigants and [ ] be direct, rather than remote or contingent." Sch. Bd. of City of Newport News v. T.R. Driscoll, Inc., No. 4:11cv79, 2011 WL 3809216 (E.D.Va. Jul. 29, 2011) (quoting Cooper Tech. v. Dudas, 247 F.R.D. 501, 514 (E.D. Va. 2007) (internal citation omitted). Here, State Farm's interest arises from the same underlying accident as the instant action. If the Plaintiff prevails in this action, Yonce, to whom State Farm owes a duty to defend, is subject to a subrogation claim under state law. As a result, although it is true that State Farm's interest is contingent, State Farm has a direct and substantial interest in the accident that occurred and whether the existing underinsured motorist policy applies. Thus, the Court finds that State Farm has a sufficient interest in the instant litigation.

**2. Impairment of State Farm's Interest**

One who seeks to intervene by right must also show that as a practical matter, his interest would be impaired or impeded by a denial of intervention. Fed. R. Civ. P. 24(a)(2). At its core, State Farm's argument boils down to this: because tort claims involving insurance are frequently settled, and State Farm is an insurance company with an indirect interest in this matter, it deserves a "seat at the table." It may be that State Farm's presence in this case may be beneficial to an expeditious settlement. However, State Farm's interest in the litigation arises out of its

4

duty to defend Yonce; as the Plaintiff notes, Yonce's exposure to the Plaintiff would not change as a result of this case. While it has spilled considerable ink describing its interest, State Farm has not made a single non-conclusory argument as to why that interest would be impaired or impeded without intervention. This, without more, is not enough to warrant intervention as of right. *See* In re: Holocaust Victim Assets Litig., 225 F.3d 191, 199 (2d Cir. 2000) (upholding district court's denial of intervention as of right even where proposed intervenors "would face many significant obstacles" without intervention); In re: City of Phila. Litig., No. 85-2745, 1986 WL 8340 (E.D. Pa. Jul. 25, 1986) (concluding that "a *strong* showing of practical impairment is required to support a motion for intervention as of right.") (emphasis added). Thus, the Court finds that State Farm has not made the requisite showing that its interest would be impaired or impeded by a denial of intervention as of right in this matter. Because State Farm's claim fails on this prong, the Court need not reach the question of whether an existing party adequately represents State Farm's interest. The motion to intervene as of right is denied.

B. Permissive Intervention

On the other hand, the Rules allow the Court, at its discretion, to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)((B). In this context, a claim or defense generally refers to "the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." Diamond v. Charles, 476 U.S. 54, 76—77 (1986) (O'Connor, J., concurring in part and dissenting in part). The power to grant or deny permissive intervention is typically within the discretion of the Court. Smith v. Pennington, 352 F.3d 885, 892 (4th Cir. 2003) (quoting Hill v. W. Elec. Co., 672 F.2d 381, 386 (4th Cir. 1982)). Here, State Farm's interest in this litigation arises out of the same occurrence—the Wytheville accident. Therefore,

5

the Court finds that State Farm's defense shares common questions of law and fact with the main action. The Court further recognizes that allowing State Farm to intervene in this litigation would likely aid in an expeditious settlement of the claims arising out of the accident. In the interests of justice, the Court grants State Farm's motion to intervene under the permissive intervention provisions of Rule 24(b). However, the concerns noted by the Plaintiff at oral argument about duplicitous briefing and undue delay are well taken. If the Court later determines that State Farm's presence in the instant litigation is hindering, rather than helping, the efficient administration of justice, it reserves the right to limit the extent of State Farm's intervention accordingly.

### III. Conclusion

For the reasons stated above, State Farm's Motion to Intervene (ECF No. 8) is **GRANTED** under the permissive intervention provisions of Fed. R. Civ. P. 24(b).

The Clerk is directed to amend the style of this case to read "Vicky C. Linkous, Administrator of the Estate of Carl Douglas Linkous, Deceased, Plaintiff, v. American Alternative Insurance Corporation, Defendant, v. State Farm Mutual Automobile Insurance Company, Defendant-Intervenor," and to deem State Farm's Answer to the Complaint (ECF No. 9) **RECEIVED and FILED.**

The Clerk is also directed to transmit copies of this order and opinion to all counsel of record.

ENTER: This 13th day of October, 2011.

_____
Senior United States District Judge

6